ADAMS H. MERRILL *versus* JOHN H. WILSON.

Where the general partner, (in a special partnership subsisting and conducted in his name,) makes a general assignment of *his* property for the benefit of creditors, without using any words to show that the partnership property was intended to be assigned, the partnership property is not thereby transferred.

In such case, one, who takes the partnership property by purchase from the assignee, cannot hold it as against the creditors of the copartners.

SHEPLEY J. — The plaintiff claims the goods replevied, by purchase of Joseph S. Wheelwright, whose title to them was derived from Charles Godfrey, by an assignment made to him for the benefit of creditors, on May 30, 1846. It is admitted, that the goods were the property of a special partnership, formed between the plaintiff, as the special partner, and Charles Godfrey, as the general partner, on Sept. 18, 1844 ; and that they were attached and detained by the defendant, a deputy of the sheriff, as the property of that partnership, by virtue of a writ in favor of Goss & Upham against Charles Godfrey. The statute provides, that suits against such a special partnership shall be brought against the general partner alone. The parties have agreed, that so much of the report of the case, as states how the capital of the partnership was made up, shall be disregarded, thereby in effect changing the report into a statement of facts.

The only question now presented is, whether the goods attached had been before legally conveyed to Wheelwright by the assignment.

Merrill *v.* Wilson.

The name of the special partnership was, as the statute required, Charles Godfrey. The assignment was made by him. There is no language found in it to determine, that it was made by the firm or partnership of Charles Godfrey. There can be no doubt, that one partner may sell and convey the goods owned by the partnership, and that he may make an assignment of the partnership effects. It is equally clear, that the general partner of a special partnership, whose business is transacted in the name of the general partner, may have private property of his own and do business also on his own private account, and may be indebted to others in his private and individual capacity. When he makes a conveyance of property in his name and under his signature, how can it be known, that the partnership property is intended to be conveyed, unless there be something found in the instrument to determine that it was ? To allow extraneous evidence to be introduced to decide, would be to allow a written instrument to be so varied by parol testimony as to convey either partnership or private property, including real estate, according to the weight of such testimony. When all the language used in the instrument of conveyance is appropriate for the conveyance of one's private property, and there is nothing in it by which it can be determined, that he acted in any other than an individual capacity, that must be a conveyance of his own private property. There must be something to show, that the partnership name and not the individual name was used; or the partnership goods must be clearly described in it to make it operative to convey them.

The assignment in this case was made " between Charles Godfrey, trader," and not between the firm of Charles Godfrey of the first part, and Joseph S. Wheelwright of the second part, and other persons, " as creditors of said Charles Godfrey, of the third part." Must not the private creditors of Godfrey have been entitled to become parties ? If so, and the effects of the partnership were conveyed, they would be entitled to an equal dividend from them with the partnership creditors.

The clause of conveyance says, " the said Godfrey hath sold, assigned, transferred, and set over" " all and singular *his* stock in trade, *his* promissory notes, books of account, and other things due and owing *him,* and *all his property* of every description, both real and personal, excepting such as is exempted by law from attachment." Can there be any doubt, that this is appropriate language to convey, and that it would convey by an instrument under seal the real and personal property of the person, Charles Godfrey? The exception of property exempted by law from attachment will be without application and wholly inoperative, if his private property be not conveyed, for no part of the attachable property of such a partnership is by law exempted from attachment. If the effects of the partnership and his private property both be conveyed, and the private and partnership creditors be entitled to become parties and to have equal benefits under it, the assignment would be made in violation of their respective rights, as well as in violation of the provisions of the twelfth and thirteenth sections of the statute, c. 45, which secures to the creditors of such a partnership the whole effects, including, in case of insolvency, the whole capital contributed by the special partner.

The distribution of the property conveyed is to be made " among such of *my* creditors" as shall become parties, not among the creditors of the firm of Charles Godfrey, and in proportion to the amount of their " claims against *him.*" The assignee is to pay to the creditors " the proportion of *said Godfrey's property* according to their respective claims." In short, by reading the assignment, no one would be informed of the existence of a partnership under the name of Charles Godfrey, or that he was interested in or connected with such a partnership. After being informed of its existence by extraneous evidence, one would find nothing in the assignment indicating, that it might have been intended to be applicable to it, unless it be the phrase " *his* stock in trade", and that would more appropriately refer to a stock in trade owned exclusively by him, than to the stock in trade of a firm designated by his name.

If the partnership property be not conveyed by the language of the assignment, it is contended, that it would pass to the assignee by the provisions of the statute, approved on March 21, 1844, c. 112. The provision made in the second section is, that assignments made by debtors for the benefit of creditors shall be construed to pass all the property, real and personal, of the debtors, not exempted by law from attachment, whether specified in such assignments or not. If this assignment convey the property of Godfrey only, and not the property of the partnership, his right only to the partnership property, after payment of all the debts due from the partnership, could be considered as conveyed without a violation of the provisions of the statute, c. 45, for the reasons already stated.

Any attempt to establish a legal conveyance of the partnership property must encounter these difficulties. '

The language used in the assignment will be found to be all appropriate for the conveyance of the property of the person Charles Godfrey, and it may all be operative and have its proper effect.

It will be found unsuitable and some of it inoperative in a conveyance of the partnership property of the firm Charles Godfrey; and there is nothing found in the instrument indicating, that it was a conveyance of the property of such a firm. It is impossible, consistently with its plainest provisions, to limit it to the conveyance of the property of such a firm only.

If it be regarded as a conveyance of the private property of the individual, and of the property of the firm, it cannot be admitted to be a legal instrument, and to be executed as such, without a violation of the provisions of the statutes already noticed.

The conclusion is, that the goods replevied were not legally conveyed to Wheelwright, and of course the plaintiff could not obtain a legal title by purchase from him.

*Plaintiff nonsuit.*

*J. Godfrey* and *Peters,* for plaintiff.

*Rowe,* for defendant.