*Benjamin F. Butler, Roger A. Pryor, Jerome B. Kimball & Andrew B. Patton,* for respondents.

NOTE. — The foregoing case was heard by POTTER, STINESS, and TILLINGHAST, JJ.

━━━━━━━

WALTER R. STINESS, Assignee, *vs.* LEWIS W. PIERCE *et al.*

An assignment of "all and all manner of goods, chattels, debts, and effects, and other estate of what kind and nature soever, and wheresoever situate, of which the assignor is the lawful owner, excepting only what and so much as is exempt from attachment," conveys the assignor's interest as copartner in the property of his copartnership.

BILL IN EQUITY for an account. On demurrer to the bill.

Alfred H. Willard, one of the firm of Pierce, Willard & Co., doing business in Providence, finding himself insolvent, made an assignment for the benefit of his creditors to the complainant, Stiness. The deed of assignment contained the clause cited in the opinion of the court. Stiness, unable to obtain from Willard's copartners an account of Willard's interest in the firm estate, filed a bill in equity against Lewis W. Pierce and Elisha F. Clewley, the other members of the copartnership, praying for discovery, an account, a settlement of the firm business under the direction of the court, and a conveyance of Willard's share in the balance found. To this bill the respondents demurred, and claimed that Willard's interest in the copartnership property did not pass under the deed of assignment.

*Stephen Essex* in support of the demurrer.

The assignment contains no express allusion to any partnership or partnership property. The language employed has the effect to convey only the individual property of Alfred H. Willard. *Merrill* v. *Wilson*, 29 Me. 58; *Guerin* v. *Hunt et al.* 6 Minn. 375, 398, 399; *Reid* v. *Godwin*, 43 Ga. 527; *Morrison* v. *Atwell*, 9 Bosw. 503, 510.

This construction must be placed on the language employed, to give the assignment validity to convey even the individual property of Willard; for if the assignment does convey both the individual and copartnership property of Willard in trust to pay " all debts " of said Willard without distinction, and " all debts " of said Willard be construed to include both individual and partnership debts, then the property assigned is directed by the assignor to be applied contrary to the rights of the respective classes of creditors; for the partnership property must first be applied to the payment of partnership debts, and the individual property to the payment of individual debts. A debtor cannot thus mingle his property to the manifest injury of his creditors, and an assignment for the benefit of creditors which directs or authorizes such disposition to be made of the property conveyed, or of its proceeds, as will operate to deprive the assignor's creditors of their right to have such property applied to the payment of their claims, is fraudulent. *Merrill* v. *Wilson*, 29 Me. 58, cited above; *Lester* v. *Abbott*, 28 How. Pr. 488; *Wilson* v. *Robertson*, 21 N. Y. 587.

*Lorin M. Cook & Cyrus M. Van Slyck, contra.*

*October* 31, 1881. PER CURIAM. The question raised by the demurrer is, whether a general assignment for the benefit of creditors in terms conveying " all and all manner of goods, chattels, debts, and effects, and other estate of what kind and nature whatsoever, and wheresoever situate of which he, *i. e.* the assignor, is the lawful owner, excepting only what and so much as is exempt from attachment," passes the interest of the assignor as copartner in the property of the copartnership? The question must be answered affirmatively. The assignment is general, including all property not exempted from attachment, and this court has decided that the interest of a copartner in the copartnership property is not exempt. *Randall* v. *Johnson, ante,* p. 338.

The defendant cites, in support of the demurrer, *Merrill* v. *Wilson*, 29 Me. 58. There the assignor was a general partner in a special partnership, the business of which was carried on in his name. The question was, whether the property of the special partnership passed under a general assignment which he made for the benefit of his creditors. The court decided that it did not. The question, it will be seen, originated in the fact that the assignor carried on the partnership in his own name, and it differs entirely from the question here presented, for here the question is not whether the property of the partnership passed, but simply whether the assignor's interest in it passed. All that the bill here asks for is that the defendants, the remaining partners, shall account to the assignee for that share of the surplus remaining after payment of copartnership debts and liabilities, which the assignor would have been entitled to but for the assignment. We think he is unquestionably entitled to it. *Fellows* v. *Greenleaf*, 43 N. H. 421 ; Parsons on Partnership, *160, note *c.*, and *166, note 7 ; Burrill on Assignments, § 88. *Demurrer overruled.*